## COMMONWEALTH *vs.* JOHN LEE.

**An** indictment for attempting forcibly to rescue a prisoner, held in the lawful custody of a police officer on a charge of breaking and entering a dwelling-house with intent to steal therein, is not defective for omitting to state the process on which the prisoner was held in custody, and the nature and circumstances of the holding; and proof that the officer arrested him in the dwelling-house on a charge of breaking and entering it and stealing therein is not a variance.

CHAPMAN, C. J.   The indictment alleges that the defendant attempted forcibly to rescue Richard Burke, "a prisoner held in the lawful custody of" Ransom F. Clayton, a police officer, on a charge "of the offence of breaking and entering the dwelling-house of one Richard Nagle with intent to steal therein;" and that in such attempt the defendant "did take hold of said Burke." The defendant objected that the charge was insufficiently set forth, as the process was not stated by which Burke was held in custody, nor the nature and circumstances of such holding. The officer had arrested Burke in the house of Richard Nagle, in consequence of information given him by Nagle, on the charge of breaking and entering Nagle's dwelling-house, and stealing therein. The offence was a felony; Gen. Sts. *c.* 161, § 13; and the arrest might be lawfully made without a warrant. *Rohan* v. *Sawin*, 5 Cush. 281. It could not be necessary to set forth in the indictment the process by which he was held or the manner or circumstances of the holding. The fact that he was held in custody under a lawful arrest was the essential matter to be proved.

The court ruled correctly that there was no variance between the proof and the allegations.                    *Exceptions overruled.*

*C. H. Hudson & E. W. Sanborn,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.