COMMONWEALTH *vs.* GEORGE T. MALLOY.

Suffolk. November 22, 1875. — January 4, 1876. COLT, J., absent.

If a criminal case has been brought by appeal from a Municipal Court to the Superior Court, and the complaint is sufficient upon its face to authorize a verdict and judgment upon it in the Superior Court, a misrecital of the complaint in the record of the Municipal Court furnishes no ground for dismissing the complaint.

A complaint under the Gen. Sts. c. 163, § 11, which alleges that the defendant at a time and place named "with force and arms did forcibly rescue and take out of

the lawful custody of said complainant the body of one A., he the said A. being then and there a prisoner arrested by and held in the lawful custody of said complainant, upon the charge of a certain offence, to wit: the crime of drunkenness, and being a disturber of the peace, he the said complainant being then and there a police officer of said city, and being then and there duly authorized to arrest and hold in custody the said A. upon the charge aforesaid," is sufficient without alleging that the defendant knew that A. was in custody.

COMPLAINT by Benjamin H. Hunt, police officer, to the Municipal Court, of the South Boston district in the city of Boston, alleging that the defendant on August 23, 1875, at Boston, "and within the judicial district of said court, with force and arms, did forcibly rescue and take out of the lawful custody of said complainant, the body of one Curren, he the said Curren being then and there a prisoner arrested by and held in the lawful custody of said complainant, upon the charge of a certain offence, to wit: the crime of drunkenness, and being a disturber of the peace, he, the said complainant, being then and there a police officer of said city, and being then and there duly authorized to arrest and hold in custody the said Curren upon the charge aforesaid, against the peace of said Commonwealth, and the form of the statute in such case made and provided."

The defendant was adjudged guilty, and appealed to the Superior Court; and a duly authenticated copy of the complaint, the conviction, and of the other proceedings in the case were transmitted to that court. The record recited that the defendant was brought before the court on the complaint of Benjamin H. Hunt, police officer, setting forth that he the said Malloy, on August 23, 1875, at Boston, "and within the judicial district of said court, with force and arms, did forcibly rescue out of the lawful custody of said complainant the body of one Curren, then legally held by said complainant, a police officer, for drunkenness, and being a disturber of the peace, against the peace of said Commonwealth, and the form of the statute in such case made and provided." The rest of the record is immaterial to the point decided.

In the Superior Court, before the jury were empanelled, the defendant filed a motion to dismiss and quash the complaint and proceedings under the same, for the following reasons:

" 1. There is no offence at law set forth in said complaint.

' 2. There is no copy of the conviction of the defendant upon any offence in which the Municipal Court of the South Boston District could have had jurisdiction.

" 3. The papers, as transmitted to this court, are irregular and defective. The description in the copy of the complaint on file in this case differs materially and substantially from the description of the offence recited in the copy of the judgment transmitted to this court.

" 4. The provisions of the General Statutes in relation to the transfer of papers from lower courts on appeal have not been complied with."

*Bacon*, J., overruled the motion. The defendant was then tried and found guilty, and alleged exceptions.

*J. W. Fox*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The Municipal Court transmitted to the Superior Court duly authenticated copies of the complaint, conviction and other proceedings in the case, in compliance with the Gen. Sts. *c.* 173, § 3. The objection, that the descriptions of the offence charged differ in the complaint and in the record of the conviction, is immaterial. The difference is not substantial. If the complaint is sufficient to authorize a verdict and judgment upon it in the Superior Court, the misrecital of it in the record furnishes no ground for dismissing it. *Commonwealth* v. *McCormack*, 7 Allen, 532.

The only other reason urged for quashing the complaint is, that it does not allege that the defendant knew that the person alleged to have been rescued was in the lawful custody of a duly authorized officer. The complaint is brought under the Gen. Sts. *c.* 163, § 11, which provides that " Whoever forcibly rescues any prisoner held in custody upon any conviction or charge of an offence," shall be punished as therein provided. This statute does not merely provide a punishment for the common law offence of rescue; it describes and defines the offence which it is intended to punish. *Commonwealth* v. *Lee*, 107 Mass. 207. Where a statute embraces all the ingredients of the offence intended to be punished, and the language used describes such offence with legal certainty, an indictment or complaint may well charge the offence in the words of the statute. *Commonwealth* v. *Barrett*, 108 Mass.

302, and cases cited.   The words of this statute, "forcibly rescues any prisoner held in custody," import an unlawful taking of a prisoner out of custody by force.   The purpose was to punish any person who should thus rescue a prisoner, and the statute does not make a knowledge by the rescuer of the authority of the officer one of the ingredients of the offence.   This view does not im‧ pugn the general rule of law that in order to make an act criminal it must be done with a criminal intent.   A person cannot be convicted unless he effects a rescue by some unlawful act of force. The intent to do such act is a criminal intent, and it is immaterial that he does not know all the consequences of the act.   *Regina* v. *Prince*, L. R. 2 C. C. 154.

For these reasons we are of opinion that the complaint in this case is sufficient.   It alleges with sufficient certainty that Curren was arrested and held in the lawful custody of a police officer duly authorized, for the crime of drunkenness, and that while so in custody the defendant, "with force and arms, did forcibly rescue and take out of the lawful custody " of said officer the body of said Curren.   These allegations include all the acts necessary to constitute the offence intended to be punished by the statute.

*Exceptions overruled.*