## COMMONWEALTH *vs.* MARK DYER.

Bristol.    Oct. 28, 1879. — Jan. 22, 1880.    COLT & AMES, JJ., absent.

An indictment on the St. of 1875, *c.* 211, charging that the defendant " by force
and intimidation did seek to prevent one A. from continuing in the employment
of " a certain corporation, follows the words of the statute, and sufficiently sets
out the offence intended to be charged; and allegations in the indictment, that
the defendant " did unlawfully and wilfully intimidate, and did seek to intimi-
date " A., may be rejected as surplusage.

INDICTMENT on the St. of 1875, *c.* 211, charging that the
defendant, on July 13, 1879, at Fall River, " one Horace S.
Andrews did unlawfully and wilfully intimidate, and did seek
to intimidate, and by force and intimidation did seek to pre-
vent from continuing in the employment of a corporation, to
wit, the Weetamoe Mills, a corporation then and there duly
incorporated under the laws of said Commonwealth and hav-
ing its usual place of business in said Fall River, he the said
Horace S. Andrews being then and there employed by and in
the employment of said corporation as a spinner in the mill
of said corporation; against the peace of said Commonwealth
and contrary to the form of the statute in such case made and
provided."

In the Superior Court, before the jury were empanelled, the
defendant moved to quash the indictment for the following rea-
sons:  " 1. Because no offence is charged in said indictment sub-
stantially and formally, fully and plainly, as required by law.
2. Because the indictment contains no allegation how, by what
means or in what manner the said Andrews was intimidated, nor
any allegation of the acts, words or means of intimidation, nor any
allegation of what was the intimidation used, to seek to prevent
said Andrews, &c.   3. Because said indictment does not charge,
and there is no allegation, that Horace S. Andrews was intimi-
dated, nor that said Andrews was prevented from continuing in
said employment, nor that the intimidation and force were used
by the defendant, nor that the defendant did seek to prevent
said Andrews from, &c.   4. Because there is no allegation in
said indictment that the defendant's act, or words or manner or
means used, were used by the defendant with the intent to seek

to prevent said Andrews from continuing in the employment of the Weetamoe Mills, and there is no charge of any intent by the defendant to seek to prevent said Andrews from continuing in said employment of said mills. 5. Because there is no allegation in said indictment that the defendant did seek to prevent any person from continuing in the employment of the Weetamoe Mills."

*Bacon*, J. overruled the motion; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. L. Barney*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

SOULE, J. The indictment in this case contains certain unnecessary allegations. It is founded on the St. of 1875, *c.* 211, § 2, which is in these words: "Whoever shall by intimidation or force prevent or seek to prevent any other person or persons from entering or continuing in the employment of any corporation, company or individual, shall be punished therefor by a fine not exceeding one hundred dollars." The allegations that the defendant "did intimidate, and did seek to intimidate," are not allegations of any offence under the statute, and must be rejected as of no value. There remains the allegation, "by force and intimidation, did seek to prevent from continuing in the employment," &c. This allegation is in the language of the statute, and is sufficient. When an offence is created by statute which sets forth with precision and certainty all the elements of the offence, an indictment or complaint is sufficient which charges the offence in the words of the statute. *Commonwealth* v. *Raymond*, 97 Mass. 567. *Commonwealth* v. *Barrett*, 108 Mass. 302. *Commonwealth* v. *Malloy*, 119 Mass. 347. *Commonwealth* v. *Ashton*, 125 Mass. 384. See also *Commonwealth* v. *McClellan*, 101 Mass. 34. But when the words of a statute may by their generality embrace cases falling within its literal terms, which are not within its meaning or spirit, the indictment or complaint must set forth all facts necessary to bring the case within the meaning of the statute. *Commonwealth* v. *Filburn*, 119 Mass. 297.

The case at bar is within the rule first above stated. The statute under consideration sets forth with precision and certainty all the elements necessary to constitute the offence in-

tended to be punished. The indictment, using the words of the statute, set forth the act in which the offence consists, fully and directly, without any uncertainty or ambiguity. The gist of the offence charged is the seeking to prevent one employed by a corporation from continuing in its employ, by means of intimidation and force. It is not necessary, in order to a full understanding of the offence charged, that the particular acts of intimidation and force should be alleged in detail. A person cannot be convicted unless he has endeavored to prevent a continuance of the servant in the employ of his master, by the use of unlawful force and intimidation. The motion to quash was properly denied. *Exceptions overruled.*