## COMMONWEALTH *vs.* BURKNER F. BURLINGTON.

Middlesex.    Nov. 26, 1883. — Jan. 31, 1884.    C. ALLEN & HOLMES, JJ.,
absent.

A complaint on the St. of 1882, c. 270, § 4, which provides that "whoever unrea-
sonably neglects to provide for the support of his minor child shall be pun-
ished," alleged that the defendant was the father of one M., a minor child
under the age of twenty-one years; that the defendant, at a time and place
named, knowingly and unreasonably neglected to provide for the support of
the said M., the minor child of the defendant; and that the defendant, at the
place and from the time first named to the date of the complaint, knowingly
and unreasonably had neglected to provide for the support of the said M., the
minor child aforesaid.    *Held,* that the complaint was sufficient.

At the trial of a complaint on the St. of 1882, c. 270, § 4, for neglecting to provide
for the support of a minor child, a witness for the government testified that he
had a conversation with the defendant, a few days before the statute went into
effect, about the statute and about the future support of his child.    The wit-
ness was then asked by the government what the defendant said at that time
about the future support of his child, and the witness testified that the defend-
ant said "he would do nothing about supporting the child; that he would break
up his business and leave the country first, unless he could control his mother-
in-law's property."    *Held,* that this evidence was admissible, as tending to show
that the defendant intentionally neglected to support his child.

COMPLAINT to the First District Court of Eastern Middlesex,
on the St. of 1882, *c.* 270, § 4, alleging "that Burkner F. Bur-
lington, late resident of Wakefield, in the county of Middlesex,
is the father of one Mary L. Burlington, a minor child under the
age of twenty-one years, and that the said Burkner F. Burling-
ton, on the first day of July, in the year of our Lord one thou-
sand eight hundred and eighty-two, at Wakefield, in the county
of Middlesex, did knowingly and unreasonably neglect to pro-
vide for the support of the said Mary L. Burlington, the minor
child of him, the said Burkner F. Burlington, and that the said
Burkner F. Burlington, the father of the said Mary L. Burlington,
the minor child aforesaid, from the said first-mentioned day to
the day of making this complaint, at Wakefield aforesaid, in the
county aforesaid, knowingly and unreasonably has neglected to
provide for the support of the said Mary L. Burlington, the mi-
nor child aforesaid, against the peace of the said Commonwealth
and the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the
defendant moved to quash the complaint, on the ground of the

insufficiency of the averments therein. *Knowlton*, J., overruled the motion; and the defendant excepted.

At the trial, Henry L. Haskell testified, for the government, that he had two conversations with the defendant, one on June 15, 1882, and the other one week later, respecting the law which was about to come into effect, [the St. of 1882, *c.* 270, which took effect on June 26, 1882,] and the future support of his child. The witness was then asked by the government "what the defendant said at those times about the future support of said child." The defendant objected to this question, but the judge admitted it; and the witness then testified that "he spoke to the defendant about the law coming into effect soon," and the defendant said "he would do nothing about supporting the child; that he would break up his business and leave the country first, unless he could control the old lady's (his mother-in-law's) property."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

FIELD, J. The motion to quash was rightly overruled. The complaint followed the words of the statute, and set forth with certainty all the elements necessary to constitute the offence. *Commonwealth* v. *Barrett*, 108 Mass. 302. *Commonwealth* v. *Tiffany*, 119 Mass. 300. *Commonwealth* v. *Malloy*, 119 Mass. 347. The evidence objected to was rightly admitted. It tended to show that the defendant intentionally neglected to support his daughter.                    *Exceptions overruled.*