(13 Misc. Rep. 404.)

### ERBE v. MONTEVERDE.

(Supreme Court, Special Term, Kings County. October, 1894.)

1 POLICE JUSTICE—JURISDICTION—SABBATH BREAKING.
  A police justice has jurisdiction, under 3 Rev. St. (Banks' 8th Ed.) p. 2225, § 73, to try in a summary manner one charged, under Pen. Code, § 265, with Sabbath breaking; said section of the Revised Statutes, which

has never been repealed, having given a magistrate jurisdiction to summarily try one violating the provisions of a preceding article, which has since been repealed, commanding Sunday observance, and the offense of Sabbath breaking being now defined by said section of the Penal Code, and it being assumed by a succeeding section of said Code, which recites what shall be done on conviction of such an offender by a magistrate, that magistrates have power to try persons accused of Sabbath breaking.

2. SAME—JURY TRIAL.

One tried before a police justice of Newtown for Sabbath breaking is entitled to a jury, as provided by the Code of Criminal Procedure in case of proceedings in courts of special sessions (Laws 1873, c. 159, § 2), which allows him to try all criminal cases that may be tried by a justice of the peace, providing that he shall do this only "as a court of special sessions."

Original application of Frederick Erbe for writ of prohibition to William T. Monteverde, police justice of Newtown.   Granted.

Clarence Edwards, for motion.
George C. Moore, opposed.

BARTLETT, J.   This application presents the question whether magistrates in this state still possess the power to proceed summarily upon complaints against persons charged with a violation of the laws relative to the observance of Sunday.   Summary proceedings against such offenders are expressly authorized by the Revised Statutes.   The eighth article of title 8 of chapter 20 of part 1 of the Revised Statutes related to the observance of Sunday.   It was repealed in 1886.   The ninth article, however, was left in force, and provides, in section 73, as follows:

"Whenever complaint shall be made to any justice of the peace, mayor, recorder or alderman, of a violation of either of the provisions contained in the three last articles relative to profane swearing, the disturbance of religious meetings or the observance of Sunday, or when any of such violations shall happen in the presence of such officer, he shall cause the offender to be brought before him, and shall proceed summarily to inquire into the facts; and if the person charged be found guilty, a record of his conviction shall be made and signed by such officer before issuing any process to enforce the same; which conviction shall be final and shall not be re-examined upon the merits in any court." 3 Rev. St. (Banks' 8th Ed.) 2225.

The offense of Sabbath breaking is now defined in the Penal Code, and the penalties for Sabbath breaking are prescribed therein.   The petitioner is charged with having violated section 265 of that Code, which prohibits all shooting, hunting, fishing, playing, horse racing, gambling, or other public sport, exercises, or shows upon the first day of the week.   The jurisdiction of the police justice of the town of Newtown to try him in a summary manner for this crime is sought to be sustained in the first place by reference to the section which I have quoted from the Revised Statutes.   That section authorized the summary conviction of offenders against the provisions of a preceding article concerning Sunday observance.   The preceding article has been repealed, but the argument is that we should now construe the section relative to summary jurisdiction as applying to the provisions of the Penal Code concerning Sabbath breaking, which have replaced those of the Revised Statutes on the same subject.   This argument finds

support, in the second place, in an existing provision of the Penal Code. The penalties for Sabbath breaking are prescribed by section 269 of the Penal Code, which declares the offense to be a misdemeanor punishable by a fine of from five to ten dollars, or imprisonment in the county jail for not more than five days, or by both such fine and imprisonment. The next section (270) is in these words:

"In addition to the penalty imposed by the last section, all property and commodities exposed for sale on the first day of the week in violation of the provisions of this chapter shall be forfeited. *Upon conviction of the offender by a justice of the peace of a county, or by any police justice or magistrate, or by a mayor, recorder or alderman of a city* such officer shall issue a warrant for the seizure of the forfeited articles, which when seized shall be sold on one day's notice and the proceeds paid to the overseers of the poor, for the use of the poor of the town or city."

The words which I have underlined distinctly assume the existence of the power on the part of the magistrates named to try and convict persons accused of Sabbath breaking. I can find no warrant for holding that the jurisdiction to proceed summarily in such cases still belongs to these officers, unless the provisions of the Revised Statutes quoted at the beginning of this opinion, and applicable in terms to violations of an article which has been repealed, are to be deemed applicable to violations of the sections of the Penal Code in respect to the observance of Sunday. With some hesitation, I have reached the conclusion that they are thus applicable. The legislature must have intended section 73 in the Revised Statutes to have some effect, or it would not have left that section in force in 1886, when it repealed the preceding article concerning Sunday observance. No effect can be given to the section now, so far as it relates to this subject, unless it is read in connection with those portions of the Penal Code which deal with Sabbath breaking. In the Penal Code itself is language which assumes the continued existence of the summary jurisdiction of magistrates in this class of cases. Such jurisdiction seems to have been exercised in one case, at all events, since 1886, where the conviction was sustained in the court of appeals. People v. Moses, 140 N. Y. 214, 35 N. E. 499. I have examined the appeal book in that case. It states that the defendant was convicted by a justice of the peace holding a court of special sessions. I do not find Sabbath breaking, however, enumerated among the offenses of which a court of special sessions, outside of New York and Albany, has jurisdiction. Code Cr. Proc. §§ 56, 59. It would appear, therefore, that the conviction must be deemed to have been a summary conviction by a magistrate, proceeding under the Revised Statutes for the punishment of Sabbath breaking under the Penal Code. Otherwise, I do not see how the justice of the peace could lawfully have tried the case at all.

While it is true that the statutory jurisdiction to punish for crime must be plain, and not left to doubtful inference, yet the rule that statutes in pari materia are to be construed together, so as to harmonize, if possible, and give effect to the intent of the legislature, applies to statutes concerning crimes and criminal procedure

as well as to other statutes; and in the light of this rule, and for the reasons given, I think that justices of the peace generally may entertain summary proceedings for the punishment of Sabbath breaking, as defined in the Penal Code. But the act under which the respondent was elected police justice of Newtown is peculiar. While it allows him to try all criminal cases that may, by law, be tried by a justice of the peace, it authorizes him to do this only "as a court of special sessions." Laws 1873, c. 159, § 2. Hence the provisions of the Code of Criminal Procedure apply which regulate proceedings in courts of special sessions, and the relator, having duly elected to be tried by a jury, is entitled to a jury trial.

Writ of prohibition granted, so far as to forbid the respondent to proceed, except as a court of special sessions, allowing the relator a trial by jury. Ordered accordingly.

