COMMONWEALTH *vs.* CHARLES H. MILLIKEN.

Suffolk.    March 20, 1899. — July 1, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Indictment — Juror accepting a Bribe — Allegation — Statute.*

In an indictment under Pub. Sts. c. 205, § 15, for the acceptance of a bribe by a juror, it is unnecessary to allege that the bribe was taken or received from a party to the cause or proceeding.

Where an indictment, under Pub. Sts. c. 205, § 15, for the acceptance of a bribe by a juror, follows the words of the statute, it is not necessary to set out more fully the agreement under which the money was received.

INDICTMENT, under Pub. Sts. c. 205, § 15, charging the defendant with taking a bribe as a juror to give his verdict in favor of the defendant in a case on trial in the Superior Criminal Court.

At the trial in the Superior Court, before *Gaskill*, J., the defendant, before the impanelling of the jury, presented a motion to quash the indictment, alleging defects both in form and substance. The judge overruled the motion, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

*H. W. James*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

MORTON, J. The exceptions in this case are to the overruling of the motion to quash. The first, second, and fourth reasons contained in the motion are that the indictment does not allege that the bribe was taken or received from a party to the action or from one acting on behalf of such a party. It was not necessary that it should so allege. The statute under which the defendant was indicted provides that if a juror " cor-

ruptly takes anything to give his verdict," or " corruptly receives any gift or gratuity whatever from a party to a suit, cause, or proceeding . . . he shall be punished," etc.   Pub. Sts. c. 205, § 15.   There are therefore two things for either of which a juror may be indicted; namely, corruptly taking anything to give his verdict, or corruptly receiving any gift from a party to a suit, cause, or proceeding.   The defendant was indicted for doing the first, and it was unnecessary to allege that the bribe was taken or received from a party to the cause or proceeding. What we have said disposes of the third reason also, which is that two distinct offences are set forth in one count.   The fifth reason is: that the agreement under which the money was received is not sufficiently described.   The indictment follows the words of the statute.   *Commonwealth* v. *Dyer*, 128 Mass. 70. It is enough to allege of the defendant that he corruptly took money of a person to the jurors unknown, to give his verdict in favor of one of the parties to the cause.   Ordinarily it would be impossible to describe the agreement under which the money · was received, and the statute does not require it.   The statute sets forth with clearness the things which constitute the offence, and it is not necessary to include any others in the indictment. The sixth reason, that the indictment did not plainly, substantially, and formally set forth any offence against the laws of this Commonwealth, has not been argued.   There is clearly no merit in it.                               *Exceptions overruled.*