COMMONWEALTH *vs.* R. I. SHERMAN MANUFACTURING COMPANY.

Suffolk.    April 3, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Unlawful Use of Great Seal of Commonwealth.    Trademark.    Constitutional Law.    Contract,* Validity.    *Practice, Criminal,* Indictment, Sentence.

No one can acquire as against the Commonwealth the right to use the arms or the great seal of the Commonwealth as a trademark.

St. 1903, c. 195, prohibiting the use of the arms or the great seal of the Commonwealth for any advertising or commercial purpose is not unconstitutional as interfering with any rights of property.

On the trial of an indictment under St. 1903, c. 195, for using the arms of the Commonwealth for an advertising and commercial purpose, the statute having provided that it should take effect one year after its passage, the defendant offered to prove that at the time of the passage of the act, and at the time it went into effect, he had on hand a large quantity of labels bearing the arms of the Commonwealth. The offer was refused. *Held,* that the offer did not go far enough and was refused properly, as there was no offer to show that the labels on hand when the act took effect were not printed after its passage, or to show that labels on hand when the act was passed had not been disposed of when it took effect.

When a valid statute is passed by the Legislature prohibiting something which was lawful before its passage, it is no defence to an indictment for a violation of the statute that the act of the defendant constituting the violation was done in the performance of a contract made before the passage of the statute.

St. 1903, c. 195, prohibiting the use of the arms or the great seal of the Commonwealth for any advertising or commercial purpose, is not in conflict with the clause in the Constitution of the United States investing Congress with power to regulate commerce among the several States.

When a statute clearly defines an offence, an indictment under it setting forth the
offence substantially in the words of the statute is sufficient.

St. 1903, c. 195, prohibiting the use of the arms or the great seal of the Common-
wealth for any advertising or commercial purpose, makes the act prohibited a
crime, although it provides no punishment for the offence, leaving sentence to
be imposed in conformity to " the common usage and practice in this Common-
wealth " under R. L. c. 220, § 4.

INDICTMENT, found and returned in the county of Suffolk on
November 12, 1904, charging the defendant with using the arms
of the Commonwealth for an advertising and commercial purpose
in violation of St. 1903, c. 195.

At the trial in the Superior Court before *Holmes,* J. the de-
fendant moved to quash the indictment.   The motion was denied,
and the defendant excepted.

The government showed that the defendant was a corporation
engaged in the business of packing and canning certain kinds of
meats and berries and all kinds of fruits and vegetables, prepar-
ing and putting up preserves, jams and jellies of all kinds, and in
selling these products mostly at wholesale and in large quanti-
ties; that on June 1, 1904, the defendant exposed for sale in the
show window of its store at No. 216 State Street, Boston, a tum-
bler of jelly which had on the top a label bearing the design set
forth in the indictment representing the arms of the Common-
wealth ; that other goods bearing similar labels were displayed in
the window and on shelves inside the store; that on July 1, 1904,
at the same place, it exposed for sale in the same window a can
of tomatoes having a label thereon with the same design colored
differently; and that other goods bearing similar labels were dis-
played in the window and on the shelves in the store.   A witness
testified that he purchased of the defendant goods bearing these
labels.

The defendant made an offer of proof, the substance of which
is described in the opinion.   The judge excluded the evidence
offered, and the defendant excepted.

The defendant requested the following rulings :

" 1.   The defendant is entitled to an acquittal, because the acts
committed by the defendant do not constitute a ' use ' within the
meaning of St. 1903, c. 195.

" 2.   The defendant is entitled to an acquittal, because the
trademarks or designs appearing on the defendant's goods are
not ' representations ' within the meaning of St. 1903, c. 195.

" 3. The defendant is entitled to an acquittal, because the alleged representations appearing on the defendant's goods are not there for an ' advertising or commercial purpose ' within the meaning of St. 1903, c. 195.

" 4. The defendant is entitled to an acquittal, because the acts committed by it do not constitute any offence or crime against the laws of the land or the statutes of the Commonwealth.

" 5. The defendant is entitled to an acquittal, because St. 1903, c. 195, does not create a crime nor authorize the institution of criminal proceedings.

" 6. The defendant is entitled to an acquittal, because St. 1903, c. 195, is unconstitutional and void, being in violation of that part of § 8 of art. 1 of the Constitution of the United States, which confers upon Congress the ' power . . . to regulate commerce with foreign nations, and among the several States, and with the Indian tribes.'

" 7. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of that part of § 10 of art. 1 of the Constitution of the United States, which says that no State shall pass a law impairing the obligation of contracts.

" 8. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of that part of § 1 of art. 14 of the Amendments to the Constitution of the United States, which provides that no State shall deprive any person of life, liberty or property without due process of law.

" 9. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of that part of § 1 of art. 14 of the Amendments to the Constitution of the United States, which provides that no State shall deny to any person within its jurisdiction equal protection of the law.

" 10. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of art. 1 of the Massachusetts Declaration of Rights.

" 11. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of art. 10 of the Massachusetts Declaration of Rights.

" 12. The defendant is entitled to an acquittal, because the statute is unconstitutional and void, being in violation of art. 12 of the Massachusetts Declaration of Rights."

The judge refused to rule as requested, and the jury returned a verdict of guilty. The defendant then moved to arrest the judgment on the ground that the court had no jurisdiction to sentence the defendant. The motion was denied; and the defendant excepted.

The defendant alleged exceptions covering all of the foregoing matters.

*E. C. Stone*, for the defendant.

*F. H. Chase*, Second Assistant District Attorney, for the Commonwealth.

LATHROP, J. The principal question in this case is whether the St. of 1903, c. 195, is constitutional. Section 1 of this act reads as follows: " No person or private corporation shall use the arms or the great seal of the Commonwealth, nor any representation thereof, for any advertising or commercial purpose whatever." The act was approved on April 6, 1903, and by its terms was to take effect " at the expiration of one year after its passage."

An account of the adoption of the arms and seal of Massachusetts in 1780 may be found in Quincy, 468 ; and they are there stated to have remained unchanged until that day. [1864.] The descriptions of the seal and arms were not included in the statutes of the Commonwealth until the year 1885. St. 1885, c. 288, §§ 1, 2. This is now the R. L. c. 2. The great seal of the Commonwealth bears upon its face the arms, though the color of the arms is not an essential part of the seal. A representation of the arms as established in 1780 has been printed upon the Acts and Resolves of the Commonwealth since 1808, with some slight changes until the present day. In fact the design used in the labels by the defendant as set forth in the first count of the indictment, was the design in use by the Commonwealth from 1866 to 1885. It is an extraordinary proposition that the law has interfered with the defendant's trademark, when such trademark was taken from the design which the Commonwealth had appropriated to itself, as a symbol of its sovereignty. The defendant appropriated it later only because it was the official sign of the Commonwealth.

In the leading case of *Gilman* v. *Hunnewell*, 122 Mass. 139, 147, it is said by Chief Justice Gray : " A trademark may consist of

a name, or a device, or a peculiar arrangement of words, lines or figures in the form of a label, which has been adopted and used by a person in his business to designate goods of a particular kind manufactured by him, and which no other person has an equal right to use." This right may be protected by injunction. Can it for a moment be said that the Commonwealth cannot use its own device, or that the defendant can obtain an injunction against the Commonwealth for so doing?

As against the Commonwealth the defendant cannot have any claim to a trademark. Could any one suppose that this court would allow its seal to be used as a trademark? And if a court's seal cannot be used, cannot the Great and General Court forbid the use of the great seal and the arms of the Commonwealth, " for any advertising or commercial purpose "? It seems to us too clear for argument.

The principal cases relied upon by the defendant are *Ruhstrat* v. *People*, 185 Ill. 133, and *People* v. *Van de Carr*, 178 N. Y. 425. Both of these cases related to statutes forbidding the use of the flag for commercial purposes. In the first case one of the main grounds of decision was that the national government had passed no legislation restricting the use of the flag. The latter case proceeds upon the theory that the statute applied " as well to articles manufactured and in existence when it was lawful to manufacture them and have them in possession as to those thereafter manufactured or acquired."

The statute under which the defendant was convicted differs essentially from those in the cases above referred to. It does not apply to articles manufactured before the passage of the act, nor does it apply to the flag of the nation. It seeks merely to protect the seal and coat of arms of the Commonwealth, and by the provision that it shall not go into effect for a year from its passage, gives ample time to all who have been using its seal or coat of arms to get rid of their goods.

As to the offer of proof, that at the time of the passage of the act, and at the time it went into effect, the defendant had on hand a large quantity of labels, the offer does not go far enough. There was no offer to show that the labels on hand when the act took effect were not printed within the year. Nor was there any offer to show that labels on hand when the act was passed were not disposed of when it took effect.

As to the last offer of proof, that, when the act wènt into effect, the defendant had contracts with various persons for the manufacture, sale and delivery of goods like those described in the indictment; that is, of goods having thereon the said trademarks, it is perhaps enough to say that it does not appear that these contracts could not be complied with without the use of the representation of the arms.   It is a better answer to say that where a valid act is passed by the Legislature, it is no defence that before its taking effect, contracts have been entered into with which the law interferes.   *Commonwealth* v. *Intoxicating Liquors,* 115 Mass. 153.   *Salem* v. *Maynes,* 123 Mass. 372.

The act in question, if otherwise within the power of the Legislature, is not in conflict with the clause of the Constitution of the United States investing Congress with power to regulate commerce among the several States.   *Plumley* v. *Massachusetts,* 155 U. S. 461.   *Commonwealth* v. *Huntley,* 156 Mass. 236.

The remaining points in the case require but brief consideration.

The indictment set forth the offence substantially in the words of the statute and is sufficient.   *Commonwealth* v. *Dyer,* 128 Mass. 70.   *Commonwealth* v. *Milliken,* 174 Mass. 79.

The evidence was sufficient to show a " use " within the meaning of the statute, and that the representation of the arms of the Commonwealth was there for an advertising and commercial purpose.

Lastly, it is contended that a violation of the statute does not constitute a crime.   But a crime or misdemeanor is defined as " an act committed, or omitted, in violation of a public law, either forbidding or commanding it."   4 Bl. Com. 5.

By the R. L. c. 220, § 4, it is provided that " if no punishment for a crime is provided by statute, the court shall impose such sentence, according to the nature of the crime, as conforms to the common usage and practice in this Commonwealth."   This statute was early enacted, and has been in force ever since.   St. 1782, c. 9, § 1.   Rev. Sts. c. 139, § 1.   Gen. Sts. c. 174, § 1.   Pub. Sts. c. 215, § 1.   See *O'Neil* v. *Commonwealth,* 165 Mass. 446.

*Exceptions overruled.*