## PEOPLE v. FUCHS.

(Supreme Court, Appellate Division, Second Department.    March 26, 1915.)

1. CRIMINAL LAW ⬥88—INFERIOR COURTS—NEW YORK CITY—JURISDICTION —"EXCLUSIVE."

   A magistrate or Magistrate's Court of the City of New York has no jurisdiction to try a charge for Sabbath breaking, by Penal Law (Consol. Laws, c. 40) § 2142, declared a misdemeanor; Laws 1910, c. 659, relative to the administration of the criminal law by the inferior courts of that city (by section 31), declaring that the Court of Special Sessions shall have, in the first instance, "exclusive" jurisdiction of all charges of misdemeanor committed in the city, prevailing over earlier statutes, and "exclusive" precluding coexistence of jurisdiction in other courts of equal grade.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 127; Dec. Dig. ⬥88.

   For other definitions, see Words and Phrases, First and Second Series, Exclusive.]

2. SUNDAY ⬥2—SABBATH BREAKING—MISDEMEANOR—POWER OF LEGISLATURE.

   Though Sabbath breaking is essentially rather against police regulations than a crime, the Legislature has power to declare it a misdemeanor, as is done by Penal Law, § 2142.

   [Ed. Note.—For other cases, see Sunday, Cent. Dig. § 2; Dec. Dig. ⬥2.]

Appeal from Kings County Court.

David Fuchs was convicted of Sabbath breaking by a city magistrate. From a judgment of the County Court, affirming his conviction, he appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Rufus L. Perry, of Brooklyn (Matthew W. Carmel, of Brooklyn, on the brief), for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

JENKS, P. J.    [1] The appellant challenges the jurisdiction of a city magistrate of the city of New York to try him for a violation of a statute relating to the Sabbath, in that he did work neither necessary nor charitable on Sunday.    Article 192 of the Penal Law.    The appellant's single contention is that, as the Court of Special Sessions of said city has in the first instance exclusive jurisdiction to hear and determine

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

all charges of misdemeanor in the city of New York, except libel (section 31, c. 659, Laws of 1910), and as this offense is a misdemeanor (section 2142 of said article 192), the city magistrate was without jurisdiction. I neither overlook nor disregard Matter of Erbe, 13 Misc. Rep. 404, 35 N. Y. Supp. 102, and Steinert v. Sobey, 14 App. Div. 505, 44 N. Y. Supp. 146, which may be considered in view of the fact that the powers of a justice of the peace in the premises seem to be continued to a city magistrate of said city. See chapter 70, Laws of 1801; chapter 27, Laws of 1804; chapter 139, Laws of 1807; chapter 315, Laws of 1844, § 4; chapter 153, § 7, Laws of 1848; chapter 538, § 1, Laws of 1873; chapter 601, § 3, Laws of 1895; chapter 378, § 1396, Laws of 1897; and chapter 659, § 72, Laws of 1910.

But I think that the authority of those decisions cannot dispose of this appeal, in view of the enactment of the said chapter 659 of the Laws of 1910. This statute is entitled:

"An act in relation to the inferior courts of criminal jurisdiction in the city of New York, defining their powers and jurisdiction and providing for their officers."

Thus it purports to be and it is a statutory scheme relative to the administration of the criminal law by these so-called inferior courts of that city. It prescribes and defines the jurisdiction and the procedure of the Court of Special Sessions (article 3), and of the City Magistrates' Court, and of the city magistrates (article 5, especially section 72). Section 31 specifically provides, as to the Court of Special Sessions:

"The court shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel."

"Exclusive" precludes the idea of coexistence. Trustees of Exempt Firemen's Fund v. Roome, 93 N. Y. at 328, 45 Am. Rep. 217. And "exclusive jurisdiction," as thus used in this statute, means that the Court of Special Sessions in the first instance has jurisdiction to hear and to determine all charges of misdemeanor, to the exclusion of any other court or officer of the same grade. State v. Jones, 73 Me. 280, directly in point. See, too, People v. McCarthy, 168 N. Y. 549, 61 N. E. 899, and Com. v. O'Connell, 8 Gray (Mass.) 466, 467.

This statute, enacted subsequent to the enactment of the Penal Code, the Code of Criminal Procedure, and the Penal Law, is of equal dignity. I think that it limits the purview of the decisions in Matter of Erbe and Steinert v. Sobey, supra, and that neither a city magistrate nor a City Magistrate's Court in the city of New York has jurisdiction to hear and to determine any charge of misdemeanor, except when specifically empowered so to do. In fine, the specific statute prevails over earlier statutes, which, perforce of general provisions, would otherwise apply, and to the extent of an implied repeal thereof so far as the city of New York is concerned. See Gassenheimer v. Dist. of Columbia, 6 App. Cas. (D. C.) 108; Brown v. United States, 171 U. S. 631, 19 Sup. Ct. 56, 43 L. Ed. 312; Lewis' Sutherland on Statutory Construction, §§ 249–260; Endlich on Interpretation of Statutes, §§ 200, 216, 217, 223; Hoey v. Gilroy, 129 N. Y. 132, 29 N. E. 85; Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524; Matter of Murray Hill Bank, 153 N. Y.

199–211, 47 N. E. 298; People v. Gold & Stock Telegraph Co., 98 N. Y. 67.

It is to be noted that this case neither presents the clash of provisions in the same statute, nor even the conflict of specific provisions in different statutes, but the application of provisions of general statutes which by construction in pari materia (Matter of Erbe, supra, 13 Misc. Rep. at page 407, 35 N. Y. Supp. 102) were held to apply to justices of the peace, whose powers are found as now vested in city magistrates by general expressions of continuance articulated in many statutes. And it is to be noted, also, that in the said statute of 1910 the jurisdiction conferred upon Courts of Special Sessions is not even limited by the words "except as otherwise provided in this title," which appeared in the similar statute construed in People v. McCarthy, supra. If the Legislature intended to confer jurisdiction upon the city magistrates or City Magistrates' Courts, there appears in the premises no good reason why it should not have followed the form used as to other offenses; i. e., affirmative declaration. For, not only did the Legislature specifically except libel in section 31, but in the same section it provides:

"The court shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases."

And one of those cases is the violation of the Motor Vehicle Law, and another the violation of any law for the prevention of cruelty to animals—both minor offenses. See, too, section 72. And there are a number of minor offenses which, although misdemeanors, are specifically committed to the jurisdiction of a magistrate or his court. Section 95, Id.; chapter 659, Laws of 1910; chapter 464, Laws of 1914.

There may be found good reasons why the provisions of the Revised Statutes relative to summary proceedings before justices of the peace relative to Sunday laws should not be repealed. Justices of the peace are constitutional officers provided for throughout the state. Section 17, art. 6, of the Constitution. See, too, Town Law (chapter 63, Laws of 1909 [Consol. Laws, c. 62]) § 103; Village Law (chapter 64, Laws of 1909 [Consol. Laws, c. 64]) art. 7. And therefore in more sparsely settled parts of the state it seems entirely wise that there should be some officer who could deal summarily with such an offense as Sabbath breaking.

[2] Although the offense is essentially rather against police regulations than a crime (Steinert v. Sobey, supra; People ex rel. Burke v. Fox, 205 N. Y. 490, 99 N. E. 147), and although it may be said that it is somewhat inconsistent with the general provisions of section 2 of the Penal Law to constitute an act, which is not a crime, a misdemeanor, nevertheless the fact is that the Legislature has seen fit to thus constitute it. Section 2142, Penal Law. It had the power so to do as to any act committed or omitted in violation of the public law forbidding or commanding it (Com. v. R. I. Sherman Manuf. Co., 189 Mass. 76, 75 N. E. 71, 4 Ann. Cas. 268), and this power can be limited by the Constitution only (People v. West, 106 N. Y. at page 295, 12 N. E. 610, 60 Am. Rep. 452).

I think that the judgment must be reversed. All concur.