**STATE, Plaintiff, v. KEARNS, Defendant.**

Common Pleas Court, Franklin County.

No. 34975. Decided March 16, 1955

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for State.

John J. Chester, Gale R. King. Columbus Robert N. Gorman, Cincinnati, for defendant.

## OPINION

By BARTLETT, J.

1. UPON MOTION OF THE DEFENDANT, THE COURT ON RECONSIDERATION THEREOF, ADHERES TO ITS PREVIOUS DECISION OVERRULING THE DEMURRER TO THE FIRST COUNT OF THE INDICTMENT AS SUPPLEMENTED BY THE BILL OF PARTICULARS.

2. THE DEFENDANT IS DIRECTED TO ENTER HIS PLEA TO THE FIRST COUNT OF THE INDICTMENT FORTHWITH.

The complaint of counsel for the defendant on the previous ruling of the court, is the fact that the indictment supplemented by the bill of particulars, does not identify the person who gave the bribe alleged to have been accepted by the defendant.

The Court in its previous decision cited 11 C. J. S. Bribery, p. 843, and p. 844 which states:

"Identity of the bribe-giver is not material in a prosecution for acceptance of a bribe."

The authority for the citation is the case of People v. O'Neill, 48 Hun. 36, affirmed 109 N. Y. 251.

Counsel for the defendant urge that the case cited does not support the statement of the text; and that such decision of the Supreme Court of New York neither touched upon nor held that the naming of the person offering the bribe was not essential.

Let us test the accuracy of counsel's statement to that effect.

In the syllabus of the O'Neill case, supra, it is stated, "upon proof that a man has taken a bribe, it is not difficult to infer that he has agreed to be bribed." 48 Hun. 36.

Van Brunt, PJ., delivered the opinion of the Supreme Court in the foregoing case, and on p. 43 he says:

"It is urged that there was no proof of a mutual agreement between these parties. But it is difficult to understand how such large sums of money could be paid, as was established by the evidence in this case, unless somebody had agreed to pay them. It is entirely immaterial, for the purpose of establishing the charge as against this defendant, that the identity of the person promising should be proved. It is sufficient, if the agreement to accept a bribe is proved with some person, no matter who." (Emphasis ours.)

Later it was held in the case of People v. Furlong, 127 N. Y. Supp. 422 as follows:

3. "It is not necessary to convict under an indictment for bribery * * *, that the person who gave the bribe pursuant to the agreement be specified in the indictment, * * *."

In an indictment for bribery which alleges that ten promissory notes of the value of $25.00 each were given as a bribe, it is not necessary to set out by whom the notes were made. Commonwealth v. Donovan, 170 Mass. 228.

"In an indictment * * * for the acceptance of a bribe by a juror, it is unnecessary to allege that the bribe was taken or received from a party to the cause or proceeding." Commonwealth v. Milliken, 174 Mass. 79.

Morton, J., delivered the opinion of the Supreme Court of Massachusetts in the foregoing case, and on p. 80 says:

"It is enough to allege of the defendant that he corruptly took the money of a person to the jurors unknown, to give his verdict in favor of one of the parties to the cause." (Emphasis ours.)

In its previous opinion the Court cited the case of State v. Carney, 28 Abs 555, wherein the late Leach, J., of this court set out the essential elements in an indictment for bribery, as respects the acceptance of a bribe Counsel for the defendant state they have no quarrel with the decision in the Carney case. Certainly that case does not specify the name of the alleged bribe-giver as an essential element in an indictment charging the acceptance of a bribe. Counsel for the defendant may have read all the bribery cases in Ohio as they state, but yet they are not able to cite any decision in Ohio or elsewhere that identity of the bribe-giver is an essential element in an indictment for accepting a bribe.

The ultimate fact to be averred in such an indictment is the acceptance of a bribe. The name or identity of the bribe-giver is purely an evidential fact and need not be averred.

The Court, therefore, on reconsideration thereof, adheres to its previous decision overruling the demurrer to the first count of the indictment as supplemented by the bill of particulars.