### COMMONWEALTH *vs.* FREDERICK DOHERTY.

An indictment on the Gen. Sts. *c.* 164, § 10, for being armed with a dangerous weapon when arrested by a police officer on a warrant from a magistrate for a criminal offence, which does not aver that the arrest was lawful, or that the officer was authorized to make it, is bad.

INDICTMENT on the Gen. Sts. *c.* 164, § 10, averring that the defendant, on September 1, 1869, at Boston, "was arrested by Thomas B. Ford, a police officer of said city of Boston, under and by virtue of a warrant issued by a magistrate, to wit, by the municipal court of the city of Boston, holden at said Boston for the transaction of criminal business, against said Doherty for an alleged offence against the laws of said Commonwealth, to wit, the offence of larceny, by the embezzlement and fraudulent conversion to his own use of the property of another, delivered to him, which property was the subject of larceny; and, when so arrested by said officer, said Doherty was then and there armed with, and then and there had on his person a certain dangerous weapon, to wit, a pistol loaded with gunpowder and a leaden bullet, and capped."

In the superior court, the defendant, before the jury were empanelled, moved to quash the indictment "because it does not set forth in substance or legal effect that the alleged arrest was lawful." This motion was overruled by *Scudder*, J. The defendant was tried and found guilty, and alleged exceptions.

*C. H. Hudson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. An indictment on the Gen. Sts. *c.* 164, § 10, for being armed with a dangerous weapon when arrested for a criminal offence, must allege, in substance or effect, that the arrest was lawful. *Commonwealth* v. *O'Connor*, 7 Allen, 583. This indictment alleges that the defendant was arrested by a police officer of the city of Boston under and by virtue of a warrant from a magistrate, particularly described; but it does not allege that the arrest was lawful, or that the officer was authorized to make it. By the laws of the Commonwealth, police officers may be appointed in towns and cities, with all or any of the

powers of constables, except that of serving and executing civil process. Gen. Sts. *c.* 18, § 38; *c.* 19, § 2. Police officers might therefore be appointed in Boston with or without the power of serving such a criminal process as is described in the indictment; and, for aught that appears in the indictment, the officer who served the warrant upon the defendant may have had no lawful power to do so. The indictment is therefore bad, and should have been quashed. *The King* v. *Everett,* 8 B. & C. 114 · *S. C.* 2 Man. & Ryl. 35. *United States* v. *Stowell,* 2 Curt. C. C. 153.                                     *Indictment quashed.*