## COMMONWEALTH *vs.* ROBERT BARRETT & another.

An indictment of two persons, under the Gen. Sts. c. 160, § 17, which avers, substantially in the words of the statute, that, being inhabitants of this Commonwealth, they on a certain day, by a previous appointment made within this Commonwealth, did leave the Commonwealth and on said day did engage in a fight with each other without its limits, sufficiently charges that both the leaving the Commonwealth and the fighting were in pursuance of one and the same previous appointment made here.

INDICTMENT on the Gen. Sts. *c.* 160, § 17, charging that Robert Barrett and Patrick Keleher, both late of Lawrence in this county, " being inhabitants and residents of this state, to wit, of the Commonwealth of Massachusetts," on July 11, 1870, " by a previous appointment and engagement, made within this state, to wit, at said Lawrence, did leave this state, to wit, the Commonwealth aforesaid, and on said eleventh day of said July feloniously and wilfully did engage in a fight, with each other, without the limits of said Commonwealth, to wit, at Salem in the county of Rockingham and state of New Hampshire, against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

Before the jury were empanelled in the superior court, Barrett moved to quash the indictment, " for that it is insufficient to hold

the parties as guilty of any offence against law, in that it does not set forth that the parties therein named left the Commonwealth for the purpose of engaging in a fight elsewhere, or that the said parties did engage in said fight out of the limits of said Commonwealth in pursuance of any previous appointment and engagement made within this Commonwealth ; " and *Pitman*, J., overruled the motion. The jury found the defendants guilty, and Barrett alleged exceptions.

*W. H. P. Wright*, for Barrett.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J. It is the general rule that, where an offence is created by statute, an indictment or complaint is sufficient which charges the offence in the words of the statute. *Commonwealth* v. *Raymond*, 97 Mass. 567. There is an exception to the rule, where the words of a statute may, by their generality, embrace cases falling within its literal terms, which are not within its meaning or spirit. In such cases, the offence intended to be made penal is ascertained by reference to the context, and to other statutes *in pari materiâ*, and the indictment or complaint must allege all facts necessary to bring the case within the meaning and intent of the legislature. *Commonwealth* v. *Wolcott*, 10 Cush. 61. *Commonwealth* v. *Bean*, 11 Cush. 414. *Commonwealth* v. *Bean*, 14 Gray, 52. *Commonwealth* v. *McCarron*, 2 Allen, 157. *Commonwealth* v. *Doherty*, 103 Mass. 443. *State* v. *Bierce*, 27 Conn. 319. *Whiting* v. *State*, 14 Conn. 487. But where the statute sets forth with precision and certainty all the elements necessary to constitute the offence intended to be punished, an indictment or complaint is sufficient, which uses the words of the statute. *Commonwealth* v. *Clifford*, 8 Cush. 215. *Tully* v. *Commonwealth*, 4 Met. 357.

We are of opinion that the case at bar falls within the general rule. The statute under which this indictment is brought provides that " whoever, being an inhabitant or resident of this state, by previous appointment or engagement made therein, leaves the state and engages in a fight with another person, without the limits thereof, shall be punished by imprisonment in the state prison not exceeding five years, or by fine not exceeding five

thousand dollars." Gen. Sts. *c.* 160, § 17. By the natural
construction of this language, the " previous appointment or en-
gagement " refers to, and qualifies, both the leaving the state
and the engaging in a fight without the limits thereof. Each
act must be in pursuance of the same previous appointment or
engagement made within the state. Such is the obvious mean-
ing of the language of the statute. The indictment follows sub-
stantially the words of the statute, and we see no reason why
it should not receive the same construction. Thus construed,
it contains a sufficient allegation that the defendants not only left
the state, but engaged in a fight without its limits, in pursuance
of one previous appointment made within the state. Neither
the defendant, nor the court, can reasonably understand the alle-
gation of the indictment in any other sense. We think the in-
dictment alleges, without uncertainty or ambiguity, all the facts
which constitute the offence intended to be punished by the leg-
islature, and therefore is sufficient. *Commonwealth* v. *Welsh,* 7
Gray, 324. *Commonwealth* v. *Ashley,* 2 Gray, 356.

*Exceptions overruled.*