## COMMONWEALTH vs. JOHN KANE.

∪n the trial of an indictment for assaulting a police officer, evidence that he was acting as such at the time of the assault, and had publicly acted so for the four years previous, is sufficient to prove that he was a police officer.

Upon an indictment for assaulting a police officer in resisting an arrest made by him, the objection that he might have been a police officer without authority to make arrests cannot be raised at the argument of a bill of exceptions which does not show that it was taken at the trial.

INDICTMENT for an assault upon a police officer. Trial and verdict of guilty in the superior court, before Scudder, J., who allowed the following bill of exceptions :

" The only evidence offered by the Commonwealth to show that Philip R. Morse, the alleged officer, was a police officer at the time of the offence, and the only evidence in the case relating thereto, was the testimony of himself and other witnesses to the effect that he was at the time acting as such officer, and that he had publicly acted as such for the four years preceding. The city marshal of Lynn testified that Morse had been acting as a ' police officer assigned to night duty.'

" The defendant objected that this was not competent or sufficient to authorize the jury to find that Morse was an officer. The judge refused so to rule, and instructed the jury that it was competent but not conclusive, and might be controlled by other evidence ; that a man who had publicly acted in the capacity of an officer, as testified in this case, is presumed to have been duly appointed and qualified, unless the contrary appears.

" At the time of the assault, Morse was attempting to arrest the defendant without a warrant ; and it was agreed that the resistance offered was justifiable, unless the attempted arrest was lawful."

*S. B. Ives, Jr.*, for the defendant.    When, as in the case at bar, there is a substantive allegation in an indictment, aggravating and giving a distinctive character to the charge, by alleging that the person assaulted was an officer, the rule of evidence requires the production of the best evidence of his official capacity, which in this case would be the record evidence of his appointment and qualification.    It was assumed that this was an open question, in *Commonwealth* v. *Dugan*, 12 Met. 233.    See also *Commonwealth* v. *Higgins*, 4 Gray, 34.

Even if Morse was a police officer, it does not follow that he had authority to arrest the defendant without a warrant.    Police officers may be appointed with " all or any of the powers of constables."    Gen. Sts. *c.* 18, § 38 ; *c.* 19, § 2.    *Commonwealth* v. *Doherty*, 103 Mass. 443.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J.    The foundation of the rule of evidence, that a person acting as a public officer has been duly appointed to the office which he assumes to exercise, is that all acts done by what ap-

pears to be public authority are presumed to be rightly done, until the contrary is proved. *Omnia presumuntur rite esse acta, donec probetur in contrarium.* *Bank of United States v. Dandridge,* 12 Wheat. 64, 70. And it is well settled that the rule applies to prosecutions for injuries to a public officer in resisting him in the discharge of his duty.

In the leading *case of the Gordons* in 1789, all the judges of England were of opinion that, on the trial of an indictment for the murder of a constable in the execution of his office, while attempting to arrest the defendant, evidence that at the time he had his constable's staff with him and gave notice of his business, and that he was generally known as the constable of the parish, was sufficient. 1 Leach (4th ed.) 515; *S. C.* 1 East P. C. 315, 4 T. R. 366 note. In a suit by the United States for a penalty for rescuing goods seized by a collector of customs, Chief Justice Marshall held that evidence that he had notoriously acted as collector was sufficient. *Jacob v. United States,* 1 Brock. 520. And in a criminal prosecution of the owner of cattle for an assault and battery in taking them from a person who had found them at large without a keeper, and was driving them along the highway, this court decided that his testimony that he was a field-driver of the town, and acted as such in taking the cattle and for many years before, was sufficient *primâ facie* evidence of his authority. *Commonwealth v. McCue,* 16 Gray, 226. See also *Berryman v. Wise,* 4 T. R. 366; *Rex v. Verelst,* 3 Camp. 432; *United States v. Bachelder,* 2 Gallison, 15; *Sawyer v. Steele,* 3 Wash. C. C. 464; *People v. Hopson,* 1 Denio, 574.

The evidence offered at the trial was therefore competent and sufficient to prove that the person assaulted by the defendant was a public officer. The point, taken at the argument, upon the authority of *Commonwealth v. Doherty,* 103 Mass. 443, that he might have been a police officer without authority to make arrests, does not appear to have been made at the trial, and cannot now be raised for the first time. *Commonwealth v. Stahl,* 7 Allen, 303. *Commonwealth v. Heffron,* 102 Mass. 148.

*Exceptions overruled.*