MILLER vs. FAY.

ATTACHMENT: PRESUMPTION AS TO OFFICER: LEVY. *(1) Presumption that acting policeman was duly appointed. (2) What constitutes a sufficient levy as against a mere trespasser.*

1. Where a city charter conferred upon policemen appointed by the common council, all the powers of a constable in the service of process, and apparently authorized no appointment of police by any other power: *Held*, that in the absence of all evidence impeaching his title, one who testified that he was acting as a policeman of said city in serving and levying an

attachment, would be presumed to have been appointed by the common council.

2. Plaintiff with his writ of attachment went to the place where the property was. He returned the writ the same day with an indorsement certifying that by virtue thereof he had that day attached said property; and he served a copy of the writ the same day on the attachment debtor. He testifies that he levied the writ as certified in the return; but it appears that he did not remove the property. *Held*, that the levy was sufficient to vest him with a special property *as against a mere trespasser*.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin. Plaintiff claimed title to the property by virtue of a levy made by him thereon, under a writ of attachment issued from a justice's court of the city of Fond du Lac. On the trial he testified, against defendant's objection, that he was a policeman of said city, and acted as such in making the alleged levy. Excepting this, no evidence of his official title or appointment was presented. He further stated, and the evidence in the case showed, that at the time of the alleged levy, two wagons, constituting part of the property in question, were in use in husking corn; that the plaintiff went with his attachment to the field where they were; that on the same day he returned the writ as levied upon such wagons and other property at the same place; and that he served a copy of such writ on the defendant in attachment; but it does not appear that he removed any of the property. Judgment having been obtained against the attachment debtor, execution was issued thereon and placed in plaintiff's hands; but the property had meantime been removed, and was found in defendant's possession, who refused to surrender it; and thereupon this action was brought to recover the possession.

No evidence was given of title in defendant.

The court refused to instruct the jury as requested by the defendant, 1. That unless the plaintiff was an officer, and acquired, as such, a special property in the goods, he could not recover. 2. That there was no evidence showing plaintiff's appointment as an officer, or that he was one in law at

the time of his alleged seizure of the goods. 3. That if plaintiff was an officer, yet, unless he had the property under his control at the time of his alleged attachment, or before the taking thereof by the defendant, he could not recover.

Verdict for the plaintiff, under direction of the court; and defendant appealed from a judgment thereon.

The cause was submitted by both sides on briefs.

*Edward S. Bragg*, for appellant:

1. The authority of a policeman to serve civil process is not from the common law, nor is it general under our state laws. If it exists at all, it is by virtue of sec. 17, ch. 474, P. & L. Laws of 1871; but even there the authority is special, being limited to "policemen appointed by the common council of the city of Fond du Lac." The charter of that city provides for several kinds of police, and different modes of appointment. Sec. 2, ch. 3, sec. 1, ch. 5, and sec. 3, ch. 6, of city charter (Laws of 1868, ch. 59). There is no presumption of authority, and plaintiff's declaration alone is not sufficient evidence of title. 2. Conceding plaintiff to have been an officer, he acquired no title by his supposed attachment. He did not seize the property, or exercise any control over it, but left it as he found it, in the use of third parties. There was no proof of property in the attachment debtor, but plaintiff, when first he sought to take possession, found the goods in the hands of defendant, who claimed to be the owner. Under these circumstances, the court should at least have left the question to the jury.

*Priest & Carter*, for respondent, argued, 1. That plaintiff was shown to be a policeman of the city of Fond du Lac, and as such would be presumed to have all the powers of such officers in the service of process, although the mayor and common council might have power to appoint other special policemen. 2. That plaintiff made a sufficient levy, except, perhaps, as against a *bona fide* purchaser, which defendant did not claim to be; that he returned the property attached, which was all

Miller vs. Fay.

that was necessary to make a case (1 Cow. Treat., 319 ; 8 Wend., 445; 16 id., 562); that if he had taken a receipt for the property, he could then, as now, pursue it in the hands of a trespasser (1 Cow. Treat., 320, note (n) and cases cited; 7 Cow. R., 294; 1 id., 322; 6 Johns., 196; *Ludden v. Leavitt*, 9 Mass., 104); and that the court properly directed a verdict, because there was no question of fact for the jury.

RYAN, C. J.    Sec. 17 of ch. 474 of 1871 gives to policemen appointed by the common council of the city of Fond du Lac, the powers of constables in the service of process. The respondent testified that he was a policeman, but not that he was appointed by the common council. And the principal objection urged for the appellant against the recovery, is that the charter of the city provides for three kinds of police: secret and special police to be appointed by the mayor, and police to be appointed by the common council; and that therefore the respondent's authority cannot be implied from the fact that he was a policeman merely.

We have consulted the sections of the charter to which we were referred, and have been unable to find any provision for secret or special police, or any authority to appoint policemen, except a power expressly given to the common council.    The respondent appears acting as a policeman, and serving the process *virtute officii;* and, in absence of all evidence impeaching his title, must be presumed to have been appointed by competent authority, that is, by the common council of the city.

We cannot doubt that his levy on the articles in dispute was sufficient to vest him with a special property in them, as against a mere trespasser.

*By the Court.*—The judgment of the court below is affirmed.