COMMONWEALTH *vs.* PARDON H. DERBY, JR.

Hampden.   September 26, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Complaint — City Ordinance — " Stop."*

An ordinance of a city was as follows : " No person shall stand with or permit any team under his care or control to stand across any public highway or street in such a manner as to obstruct the travel over the same, and no person shall stop with any team in any public street at the side of or so near to another team as to obstruct public travel, and no person shall stop with any team or carriage upon or across any crosswalk in any street or highway in the city." *Held,* that a complaint for a violation of the last clause of the ordinance, which set out the offence in the language of the ordinance, with a description of the team and a designation of the walk by reference to the street on which it was, was sufficient, without alleging that public travel was obstructed or that the defendant intended to obstruct it.

The following ordinance of the city of Springfield is reasonable : " No person shall stand with or permit any team under his care or control to stand across any public highway or street in such a manner as to obstruct the travel over the same, and no person shall stop with any team in any public street at the side of or so near to another team as to obstruct public travel, and no person shall stop with any team or carriage upon or across any crosswalk in any street or highway in the city."

COMPLAINT, for a violation of an ordinance of the city of Springfield.   At the trial in the Superior Court, before *Maynard,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions.   The facts appear in the opinion.   .

*E. H. Lathrop,* for the defendant.

*C. L. Gardner,* District Attorney, for the Commonwealth.

KNOWLTON, J.   The only question in this case arises upon the defendant's motion to quash the complaint "because no offence was properly alleged therein."   The prosecution is under an ordinance of the city of Springfield, one section of which is as follows: " No person shall stand with or permit any team under his care or control to stand across any public highway or street in such a manner as to obstruct the travel over the same, and no person shall stop with any team in any public street at the side of or so near to another team as to obstruct public travel, and no person shall stop with any team or carriage upon or across any crosswalk in any street or highway in the city."   The defendant is charged with having violated the last clause of this section, and the offence is set out in the language of the ordinance, with a description of the team, and a designation of the walk by reference to the street on which it is.   It is not contended that the complaint is defective in this particular.   See *Commonwealth* v. *Barrett*, 108 Mass. 302.

It is argued that the complaint should charge that public travel was obstructed, or that the defendant intended to obstruct it.   But such an allegation is unnecessary.   The language of the ordinance in regard to the obstruction of travel applies only to standing with a team across the highway or street, and to stopping with a team at the side of or near to another team. To stop with a team or carriage upon or across a crosswalk is made an offence by itself, without reference to actual obstruction of public travel, or to an express intent to obstruct it.   The obvious reason of the provision is, that such stopping would be likely to interfere with the convenience of the public in passing from one side of the street to the other, even though actual obstruction could not be shown.   We are of opinion that, in a city where there is much travel by pedestrians, and where crosswalks are built for their accommodation, such an ordinance is reasonable.

What construction should be given to the word "stop," in the connection in which it is used, is a question which we have no occasion in this case to decide.   Very likely it should be held to mean something more than to halt for an instant under an exigency which would require or justify halting.

*Exceptions overruled.*