### COMMONWEALTH *vs.* WILLIAM H. PORTER.

Essex. November 6, 1895. — November 27, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, & LATHROP, JJ.

*Complaint — Alleged Insufficient Allegation.*

An averment in a complaint for a violation of Pub. Sts. c. 207, § 53, that the defendant "did then and there cruelly drive" a certain horse, following the statute, is sufficient, without a further allegation that the defendant knew the horse to be unfit for labor at that time.

COMPLAINT, under Pub. Sts. c. 207, § 53, charging that the defendant at a time and place named, "with force and arms, was the person having the charge and custody of a certain animal, to wit, a horse, and that the said horse was then and there unfit for

labor by reason of sores upon the back and legs of said horse, and that the said William H. Porter did then and there cruelly drive the said horse when unfit for labor as aforesaid." In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, for the reason that there was no allegation therein that " the defendant knew that the horse named in the complaint was unfit for labor by reason of sores upon his back and legs, or otherwise." The motion was overruled by *Gaskill,* J., and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. D. A. Clarke,* for the defendant.

*W. H. Moody,* District Attorney, for the Commonwealth.

HOLMES, J. The word " cruelly," in Pub. Sts. c. 207, § 53, exhausts the requirements of the statute, whatever they may be, with regard to the state of mind of the actor; (*Commonwealth* v. *McClellan,* 101 Mass. 34, 35; *Commonwealth* v. *Lufkin,* 7 Allen, 579;) and therefore an allegation that the defendant " did then and there cruelly drive " the horse, following the statute, is sufficient without a further allegation that the defendant knew the horse to be unfit for labor at the time. See *Commonwealth* v. *Barrett,* 108 Mass. 302.　　*Exceptions overruled.*