THE STATE OF UTAH ex relatione N. P. IPSON, Respondent, v. CHARLES WOOLFENDEN, Appellant.

No. 1469. (72 Pac. 690.)

1. County Offices: Right of One Person to Hold Two: Necessity of Formal Consolidation.

Revised Statutes 1898, section 542, provides that in counties where the commissioners, by proper ordinance, shall so elect, the duties of officers mentioned in the preceding section may be consolidated, and, where consolidated, the board, by proper ordinance, may separate the duties, and reconsolidate them in any manner, or may separate them without reconsolidation, provided that no such ordinance shall be passed to take effect within less than three months, and shall take effect on the first Monday of January succeeding a general election. Section 543 provides that when offices are consolidated, but one person shall be elected to fill them, and he must take the oath and give the bond required for, and discharge all the duties pertaining to, each. *Held*, that, in the absence of a formal consolidation, one person could not hold two offices.

**2. Same: Presumption: Evidence to Rebut: Sufficiency.**
    At a county election but one candidate was nominated by each party
        for two offices, and his name only appeared on the ballots for
        such offices. These ballots were voted and canvassed without
        objection by any one. *Held*, that a presumption of the formal
        consolidation of those offices arose, with the further presump-
        tion that such consolidation was regular, and this was not over-
        thrown by evidence that an attempted consolidation was inef-
        fectual because of failure to make proper publication, there
        being nothing to show that at some other time a proper consoli-
        dation was not effected.

(Decided June 6, 1903.)

Appeal from the Fifth District Court, Beaver County.—
*Hon. Thomas Marioneaux.* Judge.

Action of quo warranto to oust the defendant from
the office of treasurer of Beaver county and to put the
relator in possession thereof. From a judgment in
favor of the relator, the respondent appealed.

AFFIRMED.

*E. V. Higgins, Esq.,* for appellant.

*William F. Knox, Esq., Samuel R. Thurman, Esq.,*
and *Messrs. Rawlins, Hurd & Wedgwood* for respond-
ent.

BARTCH, J.—In this case the plaintiff filed an in-
formation in the nature of quo warranto praying that
the defendant be ousted from the office of treasurer in
and for Beaver county, and that the relator be declared
entitled to the office, and put in possession thereof. It
appears that at the election held November 4, 1902, the
offices of assessor and treasurer of Beaver county were
to be filled by election. The two offices were placed on
the ballot as consolidated into one office so as to be filled
by but one person, and the name of the relator appeared
on the Democratic ticket and that of the defendant on the
Republican ticket. Both were candidates for the offices

so appearing and being treated as consolidated, each name being but once on the ballot. Neither during the campaign, nor at any time prior to the election nor on the occasion of the election did either of these candidates, or any other voter, make any objection to the form of the ballot. The ballots so constituted and representing the offices of assessor and treasurer as united were cast by the electors without objection. At the close of the election they were canvassed, and the canvass and returns showed that the relator had received a majority of the votes cast for the office of assessor and treasurer. A certificate was then issued to him, showing that he was duly elected to such office. Thereafter, on January 5, 1903, the relator, having duly qualified for the office of assessor and treasurer, demanded the possession of the office of treasurer from the defendant, who was holding and then claiming the right to retain the latter office by virtue of his election to the same at the election held in November, 1900. The demand was refused on the ground that no successor to the office of treasurer had been elected. Thereupon these proceedings were instituted to oust the defendant from and induct the relator into the office. At the trial the court entered judgment of ouster against the defendant, and inducted the relator into the office. The correctness of that judgment is now challenged in this court.

The appellant through his counsel, in the first instance, contends that under our statutory provisions relating to the consolidation of certain county offices one individual cannot hold and perform the duties of two such offices simultaneously in the absence of consolidation; while counsel for the respondent insist that the "laws of this State do not prohibit the same person from holding" and discharging the duties of "two county offices, except in cases where the offices have been consolidated," or where, by ordinance, the county commissioners have otherwise specially provided; and that, unless otherwise ordained by such commissioners, the

right of one person to hold two such offices exists the same as at common law.

The statutory provisions, so far as material here, are found in sections 542 and 543, Revised Statutes 1898. Section 542 reads: ''In counties where the board of county commissioners, by proper ordinance shall so elect, the duties of the above mentioned officers may be consolidated in such manner as the board may decide; and in counties where the duties of said officers have been or may hereafter be consolidated, the board of county commissioners thereof, by proper ordinance, may elect to separate the duties so consolidated and re-consolidate them in any other manner, or may separate said duties without reconsolidation and provide that the duties of each office shall be performed by a separate person, whenever, in their discretion, the public interest will be best subserved thereby; provided, that no such ordinance shall be passed to take effect within less than three months after the passage thereof, and every such ordinance shall take effect on the first Monday of January next succeeding a general election.'' This section confers discretionary power upon the board of county commissioners in each county to consolidate, by ordinance, the duties of the county officers mentioned in section 541, which immediately precedes this one. So, like power is conferred upon such board to separate such duties, after they have been consolidated, and re-consolidate them, or separate them without reconsolidation, whenever and in such manner as it may deem proper for the public interest; but no such ordinance can take effect within less than three months after its passage, while every such ordinance must ''take effect on the first Monday of January next succeeding a general election.'' It is clear from these provisions that, whenever the duties of such officers are not consolidated, they must be regarded as separate and distinct.

In section 543 it is provided: ''When offices are united and consolidated, but one person shall be elected to fill the offices so united and consolidated, and he must

take the oath and give the bond required for and discharge all the duties pertaining to each.'' Here is an express provision that, when offices are consolidated, but one person shall be elected to fill all such combined offices, and he must discharge all the duties of each office in the consolidation. It follows that by implication the converse is equally true—that, when such offices are not united, each office must have one incumbent. Such was doubtless the intention of the Legislature. The evident object of the lawmakers was to have one incumbent for each county office, except in case two or more offices should, in the discretion of the board of county commissioners, be united as provided by the statute, or unless they should make some other provision. In such board is vested the exclusive power to determine when two or more such offices shall be filled, and the duties united and discharged by one individual.

From these considerations, we are of the opinion that under our laws one person cannot, in the absence of consolidation by the board of county commissioners, hold and discharge the duties of two or more county offices simultaneously.

Notwithstanding the fact, however, that in the absence of consolidation as provided by the statute one person can hold and exercise the functions of but one county office within this jurisdiction, the question remains, does the record show the appellant entitled to continue to hold and discharge the duties of the office in controversy, and consequently that the court erred in inducting the respondent into it? We think not. As disclosed by the record, it was shown on the part of the respondent that he was nominated by the Democratic convention for the office of assessor and treasurer, and his name placed upon the Democratic ticket for such office; that the appellant was nominated by the Republican convention for the same office, and his name placed upon the Republican ticket; that in like manner both of their names appeared upon the ballots, and the offices of assessor and treasurer, for which they were both can-

didates, appeared thereon as united or consolidated; that the ballots so constituted were voted by the electors and canvassed without any objection by either of the candidates, or, in so far as appears from the record, by any elector; and that the respondent received a majority of the votes so cast. There is nothing to show that prior to or at the time of the election any person made any objection whatever, either to the conduct of the election or the regularity or legality of the ballots. Not until after defeat at the election and demand for the office in dispute, did the appellant question the lawfulness of the consolidation of the offices, or the validity of the election by virtue of which his opponent claimed title to the office of treasurer. Nor are there any charges of fraud or corruption made as to the election proceedings. Clearly, these facts and circumstances were sufficient to constitute a prima facie case in favor of the respondent, and to justify the inference that the board of county commissioners, on whom, as we have seen, the law confers the exclusive discretionary power to act in such matters, had united or consodidated the offices of assessor and treasurer. Such commissioners being public officers, the presumption is that, when they acted in the line of duty, they acted in accordance with the forms prescribed by law, and hence that their official acts are regular. The presumption is always in favor of the official acts of public officers, and it will not be presumed that what was done officially by such sworn officers was done irregularly or illegally, or that what ought to have been done by them was not done. The maxim is, *"Omnia praesumuntur rite esse acta, donec probetur contrarium."* "The well-settled presumptions of the regularity of official action, and that things required to be done have been rightly done, apply here as in other cases. The presumption is, therefore, that the election has been properly conducted, and that the officers charged with the duty of ascertaining and declaring the result have discharged that duty faithfully." Mechem on Public Officers, sec. 219; 23 Am. and Eng. Ency.

Law, 364; McCary on Elections, secs. 274, 459; Paine
on Elections, sec. 762; Bank of the U. S. v. Dandridge,
12 Wheat. 64, 6 L. Ed. 552; Lessee of Ward v. Barrows,
2 Ohio St. 241; Lesse of Coombs v. Lane, 4 Ohio St. 112;
Clark v. Robinson, 88 Ill. 498; Commonwealth v. Kane,
108 Mass. 423, 11 Am. Rep. 373; Miller v. Fay, 40 Wis.
633; Houston v. Perry, 3 Tex. 390; The Tecumseh Town
Site Case, 3 Neb. 267.  The burden of proof was upon
the defense to rebut that presumption, and overthrow
the prima facie case made by the relator.  Recogniz-
ing this, the defendant, in an attempt to show that the
offices had not been lawfully united, introduced testi-
mony to the effect that in the year 1902 the board of
county commissioners made a certain order respecting
the consolidation of the offices of assessor and treasurer;
that prior thereto there was an individual assessor and
an individual treasurer; and that an entry of the order
was made in a certain book of the county records, but
that the order was never published in any newspaper.
The defendant also offered to prove, but was not per-
mitted to do so by the court, that after the making of
the entry of the order on the records the offices of as-
sessor and treasurer were treated by the commissioners
and the people generally as consolidated.  The evidence
on this point disclosed by the record, as well as that
offered and rejected, is vague and indefinite.  The ex-
amination of the witness who testified upon this subject
seems to have been directed merely to the point that,
on a certain occasion in 1902, prior to the election of
that year, the county commissioners passed an order re-
specting the consolidation of the offices in question, and
that such order did not amount to a valid ordinance, as
required where two or more county offices are united.
There appears to be nothing in the record to show that
at no other time prior to that election was an ordi-
nance passed uniting the offices in dispute accord-
ing to law, nor that no such ordinance was in existence
at the time of the election.  The proof, therefore, is
wholly insufficient to rebut the presumption referred

to and overturn the prima facie case of the relator, and therefore the appellant cannot prevail in this proceeding. Having arrived at this conclusion, we do not deem it important to discuss any of the other questions presented. There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

BASKIN, C. J., and McCARTY, J., concur.