AUSTIN JENKINS v. THE STATE.

No. 3541. Decided March 14, 1906.

**Aiding Escape of Prisoner—Indictment—Motion in Arrest of Judgment— Intent.**

In a prosecution for aiding a prisoner to escape, under article 225, Penal Code, where the indictment failed to allege that the defendant did the acts complained of with the intent to aid in the escape of said prisoner, the same was insufficient on motion in arrest of judgment. The same allegation was necessary if brought under article 228, Penal Code.

Appeal from the District Court of Camp. Tried below before Hon. P. A. Turner.

Appeal from a conviction of aiding a prisoner to escape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. M. Smith,* for appellant.—On question of insufficiency of indictment: White v. State, 3 Texas Crim. App., 605; Gaddy v. State, 8 id., 127.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aiding a prisoner to escape. Motions in arrest of judgment and to quash the indictment were overruled. The charging part of the indictment is, as follows: "Did then and there unlawfully and wilfully and by breaking the locks upon and which fastened the door of the cell and cage in which one J. D. Amos was then and there confined in the county jail of Camp County, Texas, by D. H. Carpenter, sheriff of said county, then and there, and by opening the door of said cell and cage, and by breaking a hole through the wall of said jail of Camp County, Texas, the said Austin Jenkins did then and there aid the said J. D. Amos, to escape from said jail, and the said J. D. Amos did then and there escape from said jail by the means and manner aforesaid, the said J. D. Amos being then and there a prisoner legally confined in said jail by the said sheriff of said county on an accusation of felony then duly pending against him, of which he, the said J. D. Amos was duly charged and was legally held in custody in said jail on said charge and in said cell and cage, against the peace and dignity of the State." The principal ground of both motions is, that the indictment fails to allege that the defendant did the acts complained of with the intent to aid in the escape of said prisoner. It seems that this

prosecution was brought under article 225, Penal Code, which provides, that if any person shall convey or cause to be conveyed into any jail, any disguise, instrument, arms or other thing useful to aid any prisoner in escaping, with the intent to facilitate the escape of a prisoner lawfully detained in said jail, on an accusation of felony, or shall in any other manner calculated to effect that object, aid in the escape of a prisoner legally confined in jail he shall be punished, etc. In order to constitute an indictment under this statute sufficient, it must be alleged in some manner that the party charged with aiding in the escape of the prisoner, did the act for that purpose and with that intent. Vaughan v. State, 9 Texas Crim. App., 563, and authorities there cited. If the prosecution was brought under article 228 of the Penal Code, it would seem that the same allegations are necessary. See the same authority. The indictment under either statute must allege all the facts necessary to bring the case within the intent and meaning of the statute. Commonwealth v. Barrett, 108 Mass., 302. For a discussion of the principle involved see Vaughan's case, supra. Because the indictment is not sufficient the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*