COMMONWEALTH *vs.* JOHN TSAFFARAS.

Middlesex.     November 17, 1924. — January 8, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Attempt to Bribe.   Public Officer.   Evidence,* Competency.

At the trial of an indictment charging the defendant with the crime described in G. L. c. 268, § 7, in offering a bribe to "an executive officer of the Commonwealth," the Commonwealth may prove that a man to whom the bribe was offered was an examiner for the registrar of motor vehicles by testimony of the man himself to the fact and the time of his appointment by the registrar, and is not confined to proving that fact by producing the man's written commission or the formal record of his appointment.

One shown to have received from the registrar of motor vehicles an appointment as a commissioner under G. L. c. 90, § 29, and to be exercising the duties of that office, is a public official rather than a mere employee of the registrar, and an offer of a gift or gratuity to him in the circumstances described in G. L. c. 268, § 7, is a crime.

The defendant at the trial of the indictment above described was not prejudiced because the judge, instead of ruling as matter of law, left to the jury to determine whether the duties performed were "executive," where it appeared that the instructions on the subject were sufficient and were not prejudicial to the defendant.

INDICTMENT, found and returned on January 11, 1924, under G. L. c. 268, § 7, charging that the defendant "did corruptly offer to one Edward J. Barrett, an executive officer of the Commonwealth of Massachusetts aforesaid, a certain gift or gratuity with intent to influence the act, vote or opinion, decision or judgment of the said Barrett upon a certain matter, question, cause or proceeding which may have been then pending, or which may by law have come or have been brought before the said Barrett in his official capacity."

In the Superior Court, the indictment was tried before *Fosdick*, J. In the course of the trial, there was evidence that the defendant had suggested to Edward J. Barrett, an examiner for the registrar of motor vehicles, that he would give him a sum of money for every one of a certain number of applicants for chauffeur's licenses whom the said Barrett might, for that reason, be willing to pass in their examinations to be held before him, the said Barrett; that this proposition was made several times by the defendant and was finally repeated by the defendant to the said Barrett in the presence of certain State police officers secreted in the room where the proposition was made. Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant then asked for the following rulings:

"1. Upon all the evidence under the law the defendant is not guilty and the jury will return a verdict of not guilty.

"2. The evidence offered by the Commonwealth does not establish the commission of any crime or the violation of any law of this Commonwealth.

"3. Edward J. Barrett was not an executive officer of the Commonwealth of Massachusetts upon the date upon which it is alleged by the Commonwealth that the defendant offered him a certain gift or gratuity, therefore the defendant is not guilty and the jury will so find."

The rulings were refused. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*E. J. Tierney & J. J. Flaherty,* for the defendant.

*A. K. Reading,* District Attorney, *& R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

WAIT, J.  The testimony of Barrett that his occupation was that of an examiner for the registrar of motor vehicles, and that the date of his appointment was July 22, 1923, was competent.  Exception to its admission must be overruled. *Commonwealth* v. *McCue,* 16 Gray, 226.  *Webber* v. *Davis,* 5 Allen, 393.  *Commonwealth* v. *Kane,* 108 Mass. 423. *Commonwealth* v. *Tobin,* 108 Mass. 426.  *Commonwealth* v. *Wright,* 158 Mass. 149.  *Barry* v. *Smith,* 191 Mass. 78.

There was further evidence that Barrett at various times had acted as such examiner.  The evidence, under the cases above cited, was sufficient to justify a finding that Barrett was a public officer legally appointed.  It was not necessary to produce his written commission, or the formal record of his appointment.

The burden was on the Commonwealth to prove that Barrett was an executive officer.  There was evidence describing the acts performed by examiners, and that Barrett had performed many of them.  The examiners go to various places to conduct examinations of applicants for licenses to operate motor vehicles; examine the applications and the applicants; apply tests; decide whether the applicant comes to the standard required; and report in writing to the registrar their decision on the granting of the application.  Although the applicant can appeal to the registrar, the decision of the examiner is generally final.  This is the chief part of their duties.  By statute, G. L. c. 90, § 29, they are given, with respect to the enforcement of the laws relating to motor vehicles, all the powers of constables (except the

service of civil process) and of police officers, including the power to arrest any one violating the provisions of G. L. c. 90. They may serve all processes issued by the courts, the division of highways of the department of public works and of the registrar of motor vehicles. They may investigate accidents in which motor vehicles are concerned. Barrett, as an examiner, had caused persons whom he had seen violating the motor vehicle laws to be arrested and punished. The examiners are appointed by the registrar and may be removed by him for cause. Their compensation, and terms of service, are determined and their duties defined by him. One exercising such powers is a public official, rather than a mere employee of the registrar. He has and exercises "some of the powers of government." *Brown* v. *Russell,* 166 Mass. 14, 26.

The defendant was not prejudiced because the judge, instead of ruling as matter of law, left to the jury to determine whether the duties performed were "executive." The instructions given were sufficient, and were not prejudicial to the defendant. The duties, obviously, are executive as distinguished from legislative or judicial.

The judge, clearly, could not rule that Barrett was not an executive officer of the Commonwealth; that the evidence did not establish the commission of any crime or the violation of any law of the Commonwealth; and that the jury must return a verdict of not guilty. He was right in refusing to direct a verdict of not guilty.

*Exceptions overruled.*