ALLEN STEINBAUGH v. THE STATE.

No. 12959. Delivered January 29, 1930.
Rehearing denied February 26, 1930.
Reported in 24 S. W. (2d) 824.

The opinion states the case.

*L. D. Hartwell* and *J. Benton Morgan,* both of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is under Article 326 P. C. which makes it a penitentiary offense for one to convey into a jail any instrument useful to aid a prisoner in escaping, with intent to facilitate the escape of a prisoner in such jail on an accusation of felony. The punishment assessed was two years in the penitentiary.

Appellant presented a motion to quash the indictment, averring many grounds of criticism. With the motion before us we have examined the indictment and fail to discover any defect therein. It appears to follow approved precedents. Clayton v. State, 4 Tex. Cr. App. 515; Jenkins v. State, 49 Tex. Cr. R. 470, 93 S. W. 554.

The evidence is uncontroverted that appellant took into the jail some saws which he delivered to Joe Green who was detained in jail on several charges of forgery.

We have examined all of the bills of exception; none of them is thought to be meritorious, nor to present any question of serious enough moment to demand discussion.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises in his motion the sufficiency of the indictment and of the testimony. We can not regard assaults made upon the character of witnesses, not made in the trial court. It would be natural that men in prison and called upon to testify against one who had furnished to an inmate of such prison the means of escape therefrom,—would be men accused of or convicted of some character of crime. The question of their credibility was for the jury. The indictment has been carefully re-examined, and we are of opinion it is sufficient.

The motion for rehearing will be overruled.

*Overruled.*