COMMONWEALTH *vs.* SAMUEL FICKSMAN.
(and five companion cases[1]).

Middlesex.　February 1, 1960. — April 29, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Alcoholic Liquors,* Investigator.　*Public Officer.　Bribery.　Pleading, Criminal,* Indictment.

Although the evidence at the trial of indictments for violation of G. L.
c. 268, § 8, and for conspiracy to violate it warranted findings that
the defendants were investigators of the Alcoholic Beverages Control
Commission and that they requested and accepted "a gift and gratuity in return for . . . inaction in regard to a violation of" c. 138, and
conspired to do so, convictions would not be warranted without evidence showing that they were executive officers of the Commonwealth
and that such "inaction" was conduct within the scope of § 8.　[746–747]

Convictions for soliciting and accepting bribes in violation of G. L. c. 268,
§ 8, and for conspiracy to do so were not shown to be invalidated by
the mere addition of the word "decision" to the statutory words "vote,
opinion or judgment" in the indictments.　[747]

SIX INDICTMENTS found and returned on March 6, 1958.

The cases were tried in the Superior Court before and were
reported by *Donahue, J.*

*Julius H. Soble,* for the defendants.

*Francis K. Monarski,* Assistant District Attorney, for the
Commonwealth.

WILLIAMS, J.　Each defendant was found guilty of violating and of conspiring with the other to violate the provisions of G. L. c. 268, § 8.　The indictments against the
two defendants were substantially identical.　In indictments
53324 and 53327 it was charged that the respective defendants did conspire with the other, they "being executive
officers of . . . [the] Commonwealth, to wit, investigators

---

[1] Samuel Ficksman is the defendant in two companion cases and Alfred
Newman in three companion cases.

of the Alcoholic Beverages Control Commission, to corruptly request and accept from Robert J. White and George J. White a gift and gratuity, to wit, money of the amount and of the value of three hundred dollars, under an agreement and with the understanding that their vote, opinion, judgment and decision should be given in a particular manner, and upon a particular side of a question, cause and proceeding which was then pending, and which might by law be brought before them . . . in their official capacity as such investigators . . . and as a consideration for any speech, work and service . . . in connection therewith." In indictments 53325 and 53328 the defendants were charged respectively with requesting this gift and gratuity and in indictments 53326 and 53329 with accepting it. The allegations in the indictments were substantially in the language of the statute except that the words "and decision" were added after the word "judgment."

At the close of the evidence each defendant moved for the direction of verdicts of not guilty. The motions were denied, subject to exception, and the judge reported each group of cases to this court in these terms: "The evidence was sufficient to warrant a jury in finding the following: (1) that the defendant was an investigator of the Alcoholic Beverages Control Commission on the dates alleged in each of the indictments (2) that the defendant conspired to request and accept a gift and gratuity in return for his inaction in regard to a violation of G. L. . . . c. 138 (3) that the defendant requested a gift and gratuity in two counts in return for his inaction in regard to a violation of G. L. . . . c. 138, and (4) that the defendant accepted a gift and gratuity in return for his inaction in regard to a violation of G. L. . . . c. 138. The question presented by this report is whether the defendant could be validly convicted upon the said three indictments. Being of the opinion that the questions of law hereinbefore set out are so important or doubtful as to require the decision of the Supreme Judicial Court, further proceedings are stayed, and the defendant consenting thereto, I hereby report the cases to present the said ques-

tions of law arising therein." G. L. c. 278, § 30. *Commonwealth* v. *Baldi,* 250 Mass. 528, 537.

Since the judge has ruled that the evidence was sufficient to warrant findings of a conspiracy and the request and acceptance of a gift and gratuity by each defendant, the questions of law intended to be presented by the reports appear to be whether the defendants as investigators of the Alcoholic Beverages Control Commission were executive officers of the Commonwealth and whether they violated G. L. c. 268, § 8, by requesting or accepting a gift and gratuity in return for *inaction* in regard to a violation of G. L. c. 138. No evidence is reported regarding the duties and activities of the commission's investigators, and we have only a few statutory references to guide us in determining the first point.

The commission is authorized to hire "such . . . assistants as may be necessary for the performance of its duties." G. L. c. 6, § 45. An investigator of the commission may arrest without a warrant a person found "in the act of illegally manufacturing, selling or exposing or keeping for sale, storing, transporting, importing or exporting alcoholic beverages or alcohol, and seize the said beverages or alcohol and any vessels and implements of manufacture or sale in the possession of such person." G. L. c. 138, § 56. The commission or its agents may enter the premises of a licensee to ascertain the manner in which he conducts the business and to take samples for analysis. G. L. c. 138, § 63. An operator shall produce a permit to transport and deliver alcoholic beverages or alcohol on the demand of an investigator. G. L. c. 138, § 22. Section 63A of c. 138 provides a penalty for hindering an investigator, refusing him admittance to a place he is authorized to inspect, or refusing him information, and § 33 of c. 268 imposes a penalty for falsely assuming or pretending to be an investigator.

Chapter 268, § 8, relates to the request and acceptance of a gift or gratuity by a legislative, executive, judicial, county or municipal officer. It is obvious that an investigator of the commission is not a county or municipal officer and that

his duties are executive as distinguished from legislative or judicial. See *Commonwealth* v. *Tsaffaras*, 250 Mass. 445, 448. We are unable, however, without evidence concerning the employment of the defendants and their activities, to determine, with the certainty required in a criminal case, whether they were public officers of the Commonwealth. See *Attorney Gen.* v. *Tillinghast*, 203 Mass. 539, 543–545; *Commonwealth* v. *Tsaffaras*, 250 Mass. 445, 447–448; *Commonwealth* v. *Dowe*, 315 Mass. 217, 222. Nor, if it was determined that they were executive officers of the Commonwealth, could we properly adjudicate the question whether they were rightly convicted. We are only informed that the evidence was sufficient to warrant a finding that they requested and accepted a gift and gratuity in return for their inaction in regard to a violation of c. 138. Whether this inaction was conduct within the scope of c. 268, § 8, depends on whether it was brought about by some corrupt vote, opinion or judgment. To determine this we should have a report of the attending circumstances. See *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543. The reports must be discharged and the cases remanded to the Superior Court. *Moore* v. *Election Commrs. of Cambridge*, 309 Mass. 303, 306.

We cannot sustain the defendants' contention that their convictions were invalid because of the insertion of the word "decision" in the indictments. It does not appear that it was not properly dealt with by the judge as surplusage. *Commonwealth* v. *Snow*, 269 Mass. 598, 608.

> *Reports discharged.*
> *Cases remanded to the Superior Court*
> *for further proceedings.*